**IN THE COURT OF APPEALS OF IOWA**

No. 16-0501
Filed May 25, 2016

**IN THE INTEREST OF E.R.,**
**Minor Child,**

**K.R., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Romonda Belcher,

District Associate Judge.


        A mother appeals the order terminating her parental rights.  **AFFIRMED.**



        Lynn Poschner of Borseth Law Office, Altoona, for appellant mother.

        Thomas J. Miller, Attorney General, and Janet L. Hoffman and Kathrine S.

Miller-Todd, Assistant Attorneys General, for appellee State.

        Erin E. Mayfield of the Youth Law Center, Des Moines, for minor child.



        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals[1] the termination of her parental rights to her child, E.R. The mother claims the district court improperly terminated her parental rights rather than establishing a guardianship, clear and convincing evidence does not support the termination of her parental rights, and termination is not in the best interests of the child due to the close parent-child relationship. We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's parental rights; we adopt the findings of fact and conclusions of law as our own.

**A.    Permanency Order**

The mother first claims the district court improperly ordered the county attorney to pursue termination of her parental rights rather than establish a guardianship. She claims insufficient evidence supports the court's decision. Iowa Code section 232.104(3) (2015) enumerates the conditions that must be shown by convincing evidence before the court can enter a permanency order transferring guardianship and custody of the child to a suitable person:

> 3. Prior to entering a permanency order pursuant to subsection 2, paragraph "d", convincing evidence must exist showing that all of the following apply:
> a. A termination of the parent-child relationship would not be in the best interest of the child.

---

[1] The father's parental rights were terminated and he does not appeal.

b. Services were offered to the child's family to correct the situation which led to the child's removal from the home.
c. The child cannot be returned to the child's home.

At the permanency review hearing of October 22, 2015, the court noted "Placement outside the parental home is necessary because a return to the parents' home would be contrary to the children's welfare due to mother's unresolved substance abuse and mental health issues and fathers' abandonment." In its termination order, the court also found, "To return the child to her mother's or father's care at this time would subject the child to the following adjudicatory harms: abandonment; imminent risk of neglect; and imminent risk of harm due to lack of proper supervision." Upon our de novo review, we find convincing evidence supports the juvenile court's decision to order the county attorney to pursue termination of the mother's parental rights.

## B.    Grounds for Termination

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (f), and (*l*). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The mother has only properly raised a claim pursuant to subsections 232.116(1)(d) and (*l*). Her failure to challenge the termination under subsection (f) waives any claim of error related to that ground. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) (stating "our review is confined to those propositions relied upon by the appellant for reversal on appeal"); Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be

deemed waiver of that issue."). Therefore, we affirm the juvenile court's conclusion that termination is appropriate under subsection (f).

## C. Best Interests and Parent-Child Relationship

The mother claims termination is not in the child's best interests pursuant to Iowa Code section 232.116(2) and due to the close parent-child relationship pursuant to Iowa Code section 232.116(3).

In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 37.

The district court found:

> The child's safety is the Court's primary consideration. Given the mother's inability or unwillingness to address the issues that brought the child before this Court, the child cannot be returned to her this time. . . . The best interest of the child is the primary concern, both long-range and immediate. *In re T.A.L.*, 505 N.W.2d 480, 482 (Iowa 1993); *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981); *In re B.M.*, 532 N.W.2d 504, 506 (Iowa Ct. App. 1995). The child needs a long-term commitment to be appropriately nurturing, supportive for her growth and development, and that appropriately meet their physical, mental and emotional needs. The child is in a suitable placement that meets such criteria.
>
> [T]ermination need not occur if any one of the exceptions under Iowa Code Section 232.116(3) (2015) is met under the circumstances of this case. This Court finds that only subsection (c), relating to the closeness of the parent-child relationship, is applicable to the mother, only, and need to be considered. This Court does not find by clear and convincing evidence that termination would be detrimental to the child due to the closeness of the relationship with the mother. Instead, the Court determines quite the contrary given the mother's unwillingness or inability to adequately address her substance abuse and mental health issues and her consistent and current incarceration. This Court does not find that an exercise of its discretion is warranted, as termination of

the parental rights of the mother and father is in the child's best interests.

We find the mother's claim is without merit. For the reasons stated above, we believe termination is in the child's best interests and an exception should not be made pursuant to section 232.116(3). We affirm the juvenile court's termination of the mother's parental rights to E.R.

**AFFIRMED**.